IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY L. TAYLOR, : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:24-cv-430-TES-AGH |
| VS. : | |
| : | |
| Judge KATHERINE K. : | |
| LUMSDEN, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Plaintiff, Jimmy L. Taylor, a prisoner in Wheeler Correctional Facility in Alamo, Georgia, filed a complaint that the United States District Court for the Southern District of Georgia docketed as a 42 U.S.C. § 1983 action. ECF No. 1. That Court transferred the case to the United States District Court for the Middle District of Georgia. ECF No. 24; ECF No. 25. Plaintiff also moved to proceed *in forma pauperis*. ECF No. 11; ECF No. 16; ECF No. 19. The Court ordered Plaintiff to file a recast complaint using the required 42 U.S.C. § 1983 form and to supplement his motions to proceed *in forma pauperis* with a certified copy of his trust fund account statement. ECF No. 27. Plaintiff has complied with that Order. ECF No. 30; ECF No. 31.

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No 31) is **GRANTED**, as discussed below, and thus, his complaint is ripe for preliminary review. On preliminary review, it is **ORDERED** that Plaintiff's action be **DISMISSED**.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 31. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the Wheeler Correctional Facility. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor

custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.  Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.  Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or

3

employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

Plaintiff states he was convicted in the Superior Court of Houston County for exploitation of the elderly, practicing medicine without a license, and driving a vehicle with a suspended license. ECF No. 30 at 1, 3. Plaintiff alleges that Superior Court Judge Katherine K. Lumsden (1) violated his Sixth and Fourteenth Amendment rights when she failed to ensure that Plaintiff understood his right to the assistance of counsel; (2) failed to conduct an on-the-record hearing, pursuant to *Faretta v. California*, 422 U.S. 806 (1975), to determine if Plaintiff understood the risks of self-representation; (3) failed to otherwise adequately inform Plaintiff of the various risks of self-representation; (4) committed perjury when she stated there had been a number of *Faretta* hearings and discussions; (5) engaged in judicial misconduct when she allowed Plaintiff's criminal trial to continue despite prosecution witness Sergeant Greg Pennycuff's perjury; (6) failed to sequester prosecution witnesses during Plaintiff's criminal trial; (7) made Plaintiff proceed to trial

5

on a void and defective indictment; (8) forced Plaintiff through threats, coercion, and duress to proceed to trial without counsel; (9) allowed witnesses to present hearsay; (10) improperly refused to allow Plaintiff to present evidence during trial; and (11) refused to allow Plaintiff to present certain witnesses during trial. ECF No. 30-1 at 1-8.

After filing his recast complaint, Plaintiff filed an amended complaint. "'As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.'" *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2103) (per curiam) (quoting *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982)). In this case, Plaintiff indicates he wants to "incorporate" all grounds in the recast complaint into his amended complaint. ECF No. 33 at 2. The Court, therefore, considers all the allegations in both the recast and amended complaints.[1]

In the amended complaint, Plaintiff states that his claims are brought "UNDER 42 U.S.C. § 1983" and he "DOES NOT BRING THE CIVIL ACTION AGAINST THE ABOVE-NAMED DEFENDANT AS A CHALLENGE TO ANY CONVICTION AND/OR SENTENCING, OR WRONGFUL CONVICTION." *Id*. But Plaintiff also states that he has demonstrated that "THERE IS A REASONABLE PROBABILITY THAT, BUT FOR DEFENDANT'S UNPROFESSIONAL ERRORS AND VIOLATIONS

---

[1] The Court does not consider any allegations in Plaintiff's original complaint filed in the United States District Court for the Southern District of Georgia. ECF No. 1. As the Court explained in its December 16, 2024 Order, the recast complaint replaces the original complaint and the Court "will not refer to the original complaint to determine if Plaintiff has stated any viable claims." ECF No. 27 at 3.

OF PLAINTIFF'S CONSTITUTIONAL RIGHTS . . . THE RESULTS OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT." *Id*. at 10 (internal quotation marks omitted).

In his amended complaint, Plaintiff alleges that Judge Lumsden violated his constitutional rights when she (1) allowed prosecution witnesses to gather outside the courtroom during his criminal trial and discuss the case; (2) forced him to represent himself when he had two criminal defense attorneys who failed to appear for his trial; and (3) violated his right to confront and cross examine prosecution witnesses. *Id*. at 1-8.

Plaintiff seeks $25 million in damages. ECF No. 30 at 5; ECF No. 30-1 at 10; ECF No. 33 at 10.

III. Plaintiff's Claims

A. Plaintiff's claims against Judge Katherine K. Lumsden for violating his constitutional rights and/or committing various errors before and during his criminal trial

As stated above, Plaintiff seeks damages. In its December 16, 2024 Order, the Court explained to Plaintiff that Judge Lumsden has judicial immunity from damages. ECF No. 27 at 2. Additionally, the Court informed Plaintiff that he cannot recover damages for a wrongful conviction unless and until the conviction has been reversed, expunged, or otherwise declared invalid. *Id*. This is also what the Northern District of Georgia informed Plaintiff when he filed suit against Judge Lumsden in that court.[2] *Taylor v. Lumsden*, 1:24-

---

[2] The Court notes that Plaintiff misrepresents his litigation history on the 42 U.S.C. § 1983 form. ECF No. 30. Question four inquires whether Plaintiff has "filed a lawsuit dealing with the same or similar facts or issues that are involved in this action[.]" *Id*. at 2. Plaintiff checks "No" and states, "NOT AGAINST THIS DEFENDANT." *Id*. That is not true.

7

cv-3155-SEG (N.D. Ga. Aug 2, 2024), ECF No. 4. That Court determined venue was improper and it would not be in the interests of justice to transfer the action because Judge Lumsden has absolute judicial immunity, Plaintiff could not attack his conviction in a 42 U.S.C. § 1983 action, and Plaintiff's request for monetary damages was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-97 (1994). *Taylor v. Lumsden*, 1:24-cv-3155-SEG (N.D. Aug. 22, 2024), ECF No. 4 (adopting the Report and Recommendation, which is docketed at ECF No. 2). The Northern District of Georgia, therefore, dismissed the action. *Id.*

Despite being told that Judge Lumsden has absolute judicial immunity from damages, Plaintiff filed this 42 U.S.C. § 1983 action against Judge Lumsden seeking damages. Thus, the Court again informs Plaintiff that Judge Lumsden is "entitled to absolute judicial immunity from damages for those acts taken while [she is] acting in [her] judicial capacity unless [she] acted in the clear absence of all jurisdiction." *Bolin v. Story*,

---

Plaintiff filed the same or very similar lawsuit against Judge Lumsden in the United States District Court for the Northern District of Georgia. *Taylor v. Lumsden*, 1:24-cv-3155-SEG (N.D. Ga. July 17, 2024), ECF No. 1. This Court reminded Plaintiff of that action in its December 16, 2024 Order. ECF No. 27 at 2. Additionally, questions six and seven on the form ask Plaintiff to acknowledge and list any lawsuits, other than criminal appeals or habeas actions, that Plaintiff has filed while incarcerated or detained. ECF No. 30 at 2. Plaintiff lists no lawsuits. But Plaintiff has filed numerous additional lawsuits, other than criminal appeals and habeas actions, in the federal courts during his incarceration. *See Taylor v. Talton*, 5:24-cv-88 (S.D. Ga. Nov. 19, 2024); *Taylor v. Pennycuff*, 5:24-cv-89 (S.D. Ga. Nov. 19, 2024); *Taylor v. Pennycuff*, 5:24-cv-84 (S.D. Ga. Nov 8, 2024); *Taylor v. Gomez*, 5:24-cv-67 (S.D. Ga. Sept. 10, 2024); *Taylor v. Allen*, 5:24-cv-65 (S.D. Ga. Sept. 5, 2024); *Taylor v. Fletcher*, 5:24-cv-63 (S.D. Ga. Sept. 3, 2024); *Taylor v. CCA*, 5:24-cv-62 (S.D. Ga. Aug. 28, 2024); *Taylor v. Fletcher*, 1:24-cv-3394 (N.D. Ga. July 30, 2024); *Taylor v. Gomez*, 1:24-cv-3299 (N.D. Ga. July 24, 2024); *Taylor v. Lumsden*, 1:24-cv-3155 (N.D. Ga. July 17, 2024); *Taylor v. Kemp*, 4:19-cv-236 (S.D. Ga. Sept. 20, 2019). Plaintiff is warned that should he file a complaint in the future in which he misrepresents his litigation history, the complaint may be dismissed as "malicious" under 28 U.S.C. § 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B)(i).

225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quotation marks and citations omitted) Judge Lumsden was "acting in [her] judicial capacity" when she oversaw Plaintiff's criminal proceedings. *Id.* Additionally, the Superior Court of Houston County had jurisdiction over Plaintiff's criminal conviction. *Hicks v. State*, 494 S.E.2d 342, 343 (Ga. App. 1997) (citations omitted) (stating that superior courts in Georgia have "concurrent jurisdiction over felony and misdemeanor offenses"). Finally, judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

Plaintiff's action against Judge Lumsden is, therefore, **DISMISSED** with prejudice.

**SO ORDERED**, this 10th day of March, 2025.

S/ Tilman E. Self, III
_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT